**KAUFMAN DOLOWICH & VOLUCK, LLP**
KATHERINE S. CATLOS (SBN 184227)
kcatlos@kdvlaw.com
BRANDON KAHOUSH (SBN 311560)
bkahoush@kdvlaw.com
425 California Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 926-7600
Facsimile: (415) 926-7601

Attorneys for Defendants
WORTH HOLDINGS, LLC,
E.S. WEST COAST, LLC,
ENERGY SYSTEMS

Michael G. Miller, Bar No. 136491
Nicole M. Jaffee, Bar No. 255944
PERRY, JOHNSON, ANDERSON, MILLER &
MOSKOWITZ, LLP
438 1st Street, 4th Floor
Santa Rosa, California 95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242
Email: Miller@perrylaw.net
        Jaffee@perrylaw.net

Attorneys for Plaintiff
THOMAS R. KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS R. KELLY, <br><br> Plaintiff, <br><br> v. <br><br> WORTH HOLDINGS, LLC; E.S. WEST COAST, LLC individually and doing business as ENERGY SYSTEMS and DOES 1-20, <br><br> Defendants. | ) Case No.: 3:17-cv-02466-EMC <br> ) <br> ) Action Filed: March 28, 2017 <br> ) <br> ) <br> ) **[PROPOSED] STIPULATED PROTECTIVE** <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

1.    <u>PURPOSES AND LIMITATIONS</u>

Plaintiff THOMAS KELLY ("Plaintiff") and Defendants E.S. WEST COAST, LLC dba

ENERGY SYSTEMS, and WORTH HOLDINGS, LLC. ("Defendants"; Plaintiff and Defendants are

collectively referred to herein as the "Participating Parties," or either individually as a "Participating

Party") agree that disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and/or that:

(a)  Contain financial or other proprietary information that is held confidential by a party;

(b)  Include an individual's personal identifying information (such as his or her name, address, telephone number, social security number, driver's license number, bank account numbers, or other private information) that a party to this litigation treats as confidential;

(c)  Contain private information relating to an individual who is not a party to the present litigation;

(d)  Describe, contain, or disclose internal corporate or business information that is legitimately held confidential within the business and not disclosed outside the business organization, except to its agents, consultants, attorneys, accountants, or similarly situated affiliates of the business;

(e)  Contain medical records or other personal health care information, even if said health care information is produced by a third party pursuant to stipulation or subpoena;

(f)  Are encompassed by a confidentiality agreement executed by one or more of the parties; or

2.

(g)  Contain information that otherwise qualifies for protection as confidential pursuant to standards developed under applicable law.

(h)  Confidential information produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, the court personnel or staff, Participating Parties, counsel of record for the Participating Parties, their associate attorneys, paralegals, secretaries, clerical staff and to the "QUALIFIED PERSON(S)" designated below.

(i)  Witnesses;

(ii)  Experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(iii)  Court reporter(s) employed in this action;

(iv)  A witness at any deposition;

(v)  A Participating Party, or an officer, director, managing agent, or employee of a Participating Party; and

(vi)  Any other person as to whom the Participating Parties agrees in writing.

2.3  Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4  Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6  Documents:  (i) any "Writing," "Recording", "Photograph", "Original," and "Duplicate", as defined by Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the forgoing.

2.7　Expert:　a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8　House Counsel:　attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9　Information:　the content of Documents or Testimony.

2.10　Non-Party:　any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11　Outside Counsel of Record:　attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12　Party:　any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13　Producing Party:　a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14　Professional Vendors:　persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15　Protected Material:　any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16　Receiving Party:　a Party that receives Disclosure or Discovery Material from a Producing Party.

3.　SCOPE

The protection of this Protective Order may be invoked with respect to any Protected Material produced or created in this action that has been designated as "CONFIDENTIAL." Such designations may be made by any Party or Non-Party producing materials in this action, or may be made by a Party who determines, in good faith, that materials produced by a Non-Party contain "Confidential" information even though not so designated by the Designating Party. In the event

4.

that additional Parties join or are joined in this litigation, they shall not have access to materials designated as "CONFIDENTIAL" pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the court their agreement to be bound by this Order.

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents,

5.

items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

6.

appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before or during the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  During the 21-day period, the testimony shall be treated as "CONFIDENTIAL."  However, only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

7.

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any

8.

portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Prior to reviewing any CONFIDENTIAL INFORMATION, each QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment A. The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action. CONFIDENTIAL INFORMATION may be duplicated and transmitted to all persons identified in Paragraph 2.2(h).

Testimony taken at a deposition may be designated as CONFIDENTIAL INFORMATION by making a statement to that effect on the record at the deposition. Arrangements shall be made with the deposition reporter taking and transcribing information designated as confidential to bind such portions of the deposition transcript containing information designated as confidential, and to label such portions appropriately. Such deposition testimony shall be conducted only before those persons identified in Paragraph 2.2(h) herein.

9.

Participating Parties may also designate all or portions of any document, thing material, testimony or other information derived there from as "ATTORNEYS' EYES ONLY." Material designated as "ATTORNEYS' EYES ONLY" ("ATTORNEYS' EYES ONLY MATERIAL") under the Order may be used only for the purpose of prosecution, defense, discovery, mediation or settlement of this action and not for any other purpose. ATTORNEYS' EYES ONLY MATERIAL is limited to such highly sensitive information such as any of the Participating Parties' trade secrets under the Uniform Trade Secrets Act (California Civil Code sections 3426, *et seq.*) or information relating to Defendant's finances. Information concerning or evidencing a Participating Party's claim for damages or offsets shall not be designated as ATTORNEYS' EYES ONLY MATERIAL, and shall be designated as CONFIDENTIAL INFORMATION, if designated at all.

ATTORNEYS' EYES ONLY MATERIAL shall be so designated by stamping copies of the document produced with the legend "ATTORNEYS' EYES ONLY" or pre-designating any inspection, including the product of any inspection, as "ATTORNEYS' EYES ONLY." Stamping the legend "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall designate all pages of the document as ATTORNEYS' EYES ONLY MATERIAL, stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as ATTORNEYS' EYES ONLY MATERIAL and pre-designating any inspection shall designate the inspection and any product or reports of the inspection as ATTORNEYS' EYES ONLY MATERIAL. Whether or not any evidence or testimony is, in fact, designated as "ATTORNEYS' EYES ONLY" shall not be determinative of whether it is entitled to lawful protection as such, and the failure to make such a designation shall not constitute a waiver to do so.

ATTORNEYS' EYES ONLY MATERIAL produced pursuant to this Order shall be disclosed, revealed, or disseminated only to the Court, the court personnel or staff, and counsel of record for the Participating Parties, their associate attorneys, paralegals, secretaries and clerical staff, and to the "ATTORNEYS' EYES ONLY QUALIFIED PERSONS" designated below:

(a) experts and consultants retained by counsel in the prosecution, defense, or settlement of this action;

(b) court reporters(s) employed in this action;

10.

（c）　for the examination at a deposition of an employee or agent of the Participating Party who designated such information as ATTORNEYS' EYES ONLY MATERIAL;

（d）　any other person as to whom the Participating Parties agree in writing.

Prior to reviewing any ATTORNEYS' EYES ONLY MATERIAL each ATTORNEYS' EYES ONLY QUALIFIED PERSON shall execute the Non-Disclosure Agreement in the form of Attachment B.  The Participating Parties must retain copies of any executed Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement of this action.

Testimony taken at a deposition may be designated as ATTORNEYS' EYES ONLY by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as ATTORNEYS' EYES ONLY to bind such portions of the deposition transcript containing information designated as ATTORNEYS EYES ONLY MATERIAL, and to label such portions appropriately.  During deposition testimony designated as ATTORNEYS' EYES ONLY MATERIAL, such a deposition, or portion thereof, shall be taken only in the presence of persons who are permitted access to such information under this Order, unless agreed in writing between counsel.

Notwithstanding the above, the Participating Parties do not waive any right to challenge whether the material designated or not designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL is properly designated or not designated as such, and do not waive any right to challenge at any hearing, trial or other proceeding, whether such CONFIDENTIAL INFORMATION is, in fact, confidential or private or whether such ATTORNEYS' EYES ONLY MATERIAL is entitled to protection under the Uniform Trade Secrets Act or any other legal or contractual protection.

The terms of this Order shall survive the final termination of this action and shall be binding on the Participating Parties thereafter.

Within thirty (30) days of the termination or settlement of this action, the Participating Parties must simultaneously exchange and surrender any CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL.   Upon

11.

surrendering to the other side CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the surrendering Participating Party must also execute and furnish to the other side the Surrender of Confidential Information and Attorneys' Eyes Only Material Testimony Agreement.  Said exchange shall occur by FedEx overnight delivery.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidential Information  Non-Disclosure Agreement" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidential Information Non-Disclosure Agreement" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidential Information Non-Disclosure Agreement" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidential Information Non-Disclosure Agreement" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Confidential Information Non-Disclosure Agreement" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

13.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED  MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     <u>NO WAIVER OF PRIVILEGE; INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Stipulated Protective Order shall require production of Discovery Material that a Party contends is protected from disclosure by the attorney-client privilege, the work-product doctrine, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively "Privileged Information"). The Parties hereby stipulate, and the Court orders, that no inadvertent or unintentional production of Privileged Information shall prejudice the Producing Party or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any Party that inadvertently produces Privileged Information may obtain the return of those materials by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity. The recipient(s) shall gather and return all copies of the inadvertently produced Privileged Information to the Producing Party, or certify to the Producing Party that they have been destroyed and/or deleted.

13.     <u>MISCELLANEOUS</u>

13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

15.

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.4    The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the court for entry of an appropriate order.

13.5    This Stipulation and Protective Order may be executed in counterparts.

## 14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

16.

and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 23, 2018

_____
MICHAEL G. MILLER
NICOLE M. JAFFEE
PERRY, JOHNSON, ANDERSON, MILLER
& MOSKOWITZ, LLP.
Attorneys for Plaintiff
THOMAS R. KELLY

Dated: March 23, 2018

_____
KATHERINE S. CATLOS
BRANDON K. KAHOUSH
KAUFMAN DOLOWICH & VOLUCK, LLP
Attorneys for Defendants
WORTH HOLDINGS, LLC, E.S. WEST
COAST, LLC, ENERGY SYSTEMS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____3/23/2018_____

_____
UNITED
JUDGE

IT IS SO ORDERED
Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

17.

ATTACHMENT A

**CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1)     I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2)     I agree that I am a "QUALIFIED PERSON" as to set forth in the Order.

(3)     As a QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person and further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4)     As a QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.


Dated: _____, 20___        _____
                                    [Print Name]


                                    _____
                                    [Sign Name]

18.

**ATTORNEYS' EYES ONLY MATERIAL**

**NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1)     I have had the opportunity to review the Stipulated Protective Order ("Order") in this action.

(2)     I agree that I am an "ATTORNEYS' EYES ONLY QUALIFIED PERSON" as set forth in the Order.

(3)     As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I will not disclose any of the ATTORNEYS' EYES ONLY MATERIAL to any third person and further agree that my use of any ATTORNEYS' EYES ONLY MATERIAL shall be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4)     As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all ATTORNEYS' EYES ONLY MATERIAL which is in my possession, custody, or control in the manner set forth in paragraph 18 of the Order.


Dated: _____, 20___                    _____

[Print Name]


_____

[Sign Name]