

Hon. Edward M. Chen
US District Judge

ORDERED - Plaintiff is granted leave to take the depositions within 14 days. Parties may submit stipulation to modify expert discovery dates if necessary (but not dispositive motion or trial dates).

Re: _____ v. Worth Holdings, LLC et al. - Discovery Letter Brief

Dear Honorable Edward M. Chen:

Pursuant to your Civil Standing Order on Discovery, Section 4, Plaintiff and Defendants hereby jointly submit this letter brief requesting the Court's assistance in resolving the following discovery dispute.

    a.   <u>Meet and Confer Attempts</u>

Counsel discussed their position initially by email, and later by telephone. Plaintiff's Counsel attempted to speak with Defendants' counsel by telephone on July 19, but Defendants' counsel was unavailable. There is good cause for a telephone conference because Plaintiff's counsel is located in Santa Rosa and Defendants' counsel in San Francisco. Moreover, lead trial counsel for Plaintiff, Michael Miller, is recovering from surgery and is unable to undergo long distance travel. The attorneys spoke by telephone on July 20 and presented their positions.

Ms. Catlos and Mr. Miller have concluded that no agreement can be reached.

    a.   <u>Discovery Issues in Dispute</u>

On 5/17/18, Plaintiff noticed the depositions of Defendants' key officers and directors: Kyle O'Malley, Chief Operating Officer of Worth; M. Eric Boorom, Chief Executive Officer of Worth; and Marci Bates, Director of Human Resources ("the Deponents"). These dates were inadvertently scheduled days after the non-expert discovery cut-off, which was 7/12/18. Plaintiff has requested that Defendant stipulate to an extension and provide new dates for the depositions in July or August. Defendants have refused to agree.

    1.   <u>Plaintiff's Position</u>

This is a breach of employment contract case arising from Plaintiff's termination by Defendants. Per 12/27/17 setting ENE, discovery was limited for facilitating mediation. ENE was held on 3/30/18. 4/2/18, the parties agreed to toll discovery until the CMC on 4/24. Trial is scheduled for 1/14/19. Plaintiff was unaware of the scheduling error until the afternoon of 7/17/18 when Defense counsel emailed refusing to give dates for the Deponents' depositions because the discovery cut-off already lapsed. Defendants' refusal to stipulate to this short extension of the discovery cut-off, <u>six months before trial</u>, is not made in good faith. Throughout this litigation, Plaintiffs have promptly provided Defendants information and documents and granted Defendants' multiple requests for extensions to respond to discovery. Although Defendants are not obligated to point out the mistake in scheduling the depositions, if they had brought it to Plaintiff's attention when the notices were served in May, there was ample time to schedule the depositions before the cut-off. Moreover, Defendants produced evasive and incomplete discovery responses and Plaintiff was trying to obtain further information from Defendants in May and June 2018. Per Defendants' request, Plaintiff agreed to multiple extensions for the deadline to respond and Defendants did not serve their amended responses and further documents until 6/21/18.

Plaintiff's counsel reached out to Defendants multiple times regarding the depositions. Defendants did not respond until 6/27 when they advised they would be sending objections and advising the depositions would

not go forward as scheduled. Importantly, they did not object or even mention that the depositions were set after the discovery cut-off.

On 7/2, Defendants served objections to the deposition notices by mail. Again, there was no objection to the depositions being set after the discovery cut-off. Only after the cut-off, on 7/17, did Defendants' counsel send an email refusing to produce the Deponents. Plaintiff's counsel requested that the parties stipulate to take the depositions after the discovery cut-off, but Defendants refused.

A Court may, for good cause, extend the time for an act to be accomplished. FRCP 6(b)(1)(B). Generally to determine whether the delay was excusable, the Court considers (1) the danger of prejudice to opposing party; (2) the length of delay and the potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855-856 (9th Cir. 2004)

Good cause exists for allowing Plaintiff to take these depositions. There is no prejudice to Defendants. The length of delay was only 4 days. Taking these depositions of three key people will not have any impact on the proceedings because trial is still 6 months away. The reason for the delay was a simple mistake. Although noticed in May, Plaintiff set dates in July because Mr. Miller was going to be out on a pre-paid vacation for the latter half of June and had surgery scheduled for early July. Plaintiff acted in good faith when the dates were inadvertently set and tried to connect with Defendants regarding the depositions multiple times. Mr. Miller also offered to have Defendants provide the timing and locations for the depositions and that we would accommodate them. Finally, not allowing Plaintiff to take the depositions would be extremely prejudicial to Plaintiff given that these Defendants are the very people other than Plaintiff who possess information necessary for Plaintiff's claims against Defendants, specifically information related to Defendants' recruitment of Plaintiff, employment contract negotiations and his performance, compensation, benefits and termination.

## 2. Defendants' Position

Plaintiff Counsel's lack of diligence in pursuing these depositions does not present sufficient good cause to merit an extension to the non-expert written discovery cut-off. Plaintiff's Counsel conceded that he has known the identity of these witnesses since the conception of this lawsuit on May 1, 2017. Mr. Miller has had 14 months to notice, and take these depositions, yet waited until after the discovery cut-off to attempt to do so. Plaintiff's counsel understates the prejudice Defendants would incur given that Defendants have already submitted their expert report, and plan on submitting a motion for summary judgment that is due in less than 60 days. Moreover, Mr. Miller is seeking to take depositions of out-of-state witnesses, located in Georgia and Michigan, which would result in undue hardship through forcing them to travel to San Francisco, California on short notice.

The Federal Rules of Civil Procedure provide that a pretrial scheduling order can be modified only upon a showing of "good cause." Fed. R. Civ. Proc. 16(b). To establish good cause, a party must show that despite its due diligence, it was not able to meet the deadline set in the scheduling order. *See Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Thus, if a party is unable to establish that it has been diligent, the court's inquiry ends and the party's motion should be denied. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (denying motion to extend discovery because party failed to show good cause).

Here, Plaintiff's Counsel concedes they were not diligent, and did not know the non-expert discovery cut-off date. Plaintiff's Counsel knew the identity of Kyle O'Malley, Eric Boorom, and Marci Bates since May 2017. Additionally, it is undisputed that Plaintiff's counsel served their initial disclosures identifying Kyle O'Malley, Marci Bates, and Eric Boorom, and therefore knew their identities more than 14 months before the non-expert discovery cut-off. However, as a result of Plaintiff Counsel's lack of diligence in noticing these depositions, and meeting and conferring with Defendants, they allowed the non-expert discovery cut-off to

lapse.  *See, e.g., Jackson v. Laureate*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (denying motion to modify scheduling order because party failed to show that the information prompting the motion was unknown to her before the scheduling order issued).

 To rebut this, Plaintiff's Counsel argues Defendants were "evasive" in written discovery to justify the extension of the non-expert discovery cut-off.   However, Defendants provided Plaintiff with their written discovery responses, and document production on 03/29/18.  Two months later, on 05/24/18, Plaintiff's Counsel sent their first and only meet and confer letter regarding Defendant's written discovery responses.  In response, Defendants requested two one-week extensions in order to provide Plaintiff with its amended responses.  On 06/15/18, Defendants provided their amended written discovery responses to Plaintiff's counsel.  Defendants' amended responses were minimal.  None of the Amended Interrogatory Responses only consisted of just requested pin cites to the 331 pages of document production already produced on 03/29/18.  Accordingly, Plaintiff's Counsel has all necessary documents in his possession since March 29, yet decided to wait 4 months to attempt to take any depositions.

        Plaintiff Counsel's representation that they sent multiple emails attempting to meet and confer regarding the deposition dates is a patent falsehood.  On June 20 and June 27, Plaintiff Counsel's legal assistant emailed Defendants asking only if the depositions scheduled for July 16, 17, and 19 were confirmed.  Immediately after receiving Plaintiff's email, Defendants responded stating "We are in the process of finalizing our objections to the deposition notices for the unilaterally set dates, which we will service on your office by early next week.  As such, the depositions will not be taking place on July 16, 17, and 19."  Plaintiff's Counsel never responded to this email.  On July 17, five days after the non-expert discovery cut-off, Plaintiff's Counsel reached out for the first time to meet and confer for deposition dates, and did not provide good cause for extending the deadline.

        The prejudice that Defendants would suffer if Plaintiff's request were granted supplies a separate and independent basis to deny Plaintiff's request to reopen discovery to take these three depositions.  To grant Plaintiff's extension would cause prejudice, since it would put all case deadlines in jeopardy, including the MSJ and trial date.  To disturb these dates, after discovery has already closed, would be patently unfair considering Defendants have worked with diligence and expanded substantial resources to fulfill their discovery obligations and complete discovery.

        Again, expert reports were due on 07/12/18, and Defendants have already provided their opening expert report.  Any new testimony would impact the report, necessitating Defendants' expert to redo his report, which in turn would impact Defendants' ability to file a timely motion for summary judgment that is due by 09/20/18.  Defendants should not have to wait to complete discovery and proceed with its defense.  Plaintiff's counsel has stated they do not believe extending the discovery deadline will affect any other deadlines or prejudice Defendants.  Plaintiff cannot have it both ways.  Either the testimony sought is, as Plaintiff argues, highly relevant, and thus will need to be taken into consideration for expert discovery and summary judgment, or the testimony is of marginal relevance, and therefore not sufficiently important to warrant reopening discovery.

        Very truly yours,

 /s/  Michael G. Miller                                 /s/   Katherine S. Catlos
Michael G. Miller                                  Katherine S. Catlos
Perry Johnson Anderson                             Kaufman Dolowich & Voluck, LLP
Miller & Moskowitz LLP                             Attorneys for Defendants
Attorney for Plaintiff